UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ERIC NELSON,

                              Plaintiff,

                                                                                     9:18-CV-945
v.                                                                                        (LEK/TWD)

CHRIS MILES, SR.,

                              Defendant.
_____

APPEARANCES:                                   OF COUNSEL:

ERIC NELSON
Plaintiff, *pro se*
148 Caswell Street
Afton, New York 13730

OFFICE OF FRANK MILLER                 FRANK W. MILLER, ESQ.
*Counsel for Defendant*                        CHARLES C. SPAGNOLI, ESQ.
6575 Kirkville Road
East Syracuse, New York 13057

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## ORDER AND REPORT-RECOMMENDATION

      Currently before the Court for a Report-Recommendation is Defendant's motion to dismiss Plaintiff's complaint. (Dkt. No. 37.) According to Defendant, Plaintiff has not responded to his discovery demands and has failed to meet deadlines set in the Court's scheduling orders. Therefore, Defendant moves, pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure, to dismiss Plaintiff's complaint as a discovery sanction and for failure to prosecute. Defendant further seeks costs relative to his discovery efforts. For the reasons that follow, the Court recommends granting Defendant's motion to dismiss this case and denying Defendant's motion for costs.

**I.     BACKGROUND**

Plaintiff filed his complaint on August 10, 2018, asserting claims arising out of his confinement at Chenango County Jail.  (Dkt. No. 1.)  Because Plaintiff was proceeding *in forma pauperis*, the District Court conducted an initial review of his claims pursuant to 28 U.S.C. § 1915.  (Dkt. No. 12.)  The District Court ultimately permitted Plaintiff's claim regarding the conditions of his confinement to go forward against Defendant.  *Id*. at 18.

Before Defendant answered the complaint, Plaintiff filed a letter motion requesting a default judgment because of his incorrect assumption that Defendant's answer to the complaint was untimely.  (Dkt. No. 17.)  However, on February 7, 2019, Defendant timely answered the complaint; and on February 8, 2019, Defendant timely filed an amended answer to the complaint.  (Dkt. Nos. 20, 23.)  Also, on February 8, 2019, this Court issued a Mandatory Pretrial Discovery and Scheduling Order ("Discovery Order") setting various deadlines.  (Dkt. No. 25.)  For example, the Discovery Order directed the parties to provide a litany of documents to one another within 60 days of the issuance it and to conduct other discovery.  *Id*. at 1-3.  The Discovery Order also warned Plaintiff that his failure to attend his deposition could result in sanctions, including dismissal of the action.  *Id*. at 5.

On February 22, 2019, Plaintiff notified the Court that as of March 5, 2019, he would be discharged from the drug treatment facility where he was sentenced, and he provided his updated address.  (Dkt. No. 26.)  Plaintiff has not corresponded with the Court since then.

On July 1, 2019, Defendant filed a letter requesting a discovery conference to discuss Plaintiff's failure to comply with the Discovery Order and his failure to attend his scheduled deposition.  (Dkt. No. 27.)  In response, the Court held a discovery conference on July 17, 2019, but Plaintiff did not appear for the call.  (Text Minute Entry dated July 17, 2019.)

The Court issued a Text Order the day after the conference extending the discovery deadlines and directing Plaintiff to comply with Defendant's discovery requests. (Dkt. No. 31.) The Court noted "Plaintiff's failure to follow Court orders and directives may be grounds for sanctions including, but not limited to, recommendation for dismissal of the action for failure to prosecute." *Id*. The Text Order directed Defendant to file a status report advising the Court whether Plaintiff complied with said Order. *Id*.

On August 16, 2019, Defendant informed the Court that Plaintiff had not complied with his discovery obligations. (Dkt. No. 32.) In his letter, Defendant asked the Court for sanctions. *Id*. The Court denied Defendant's request for sanctions without prejudice, and afforded Plaintiff an additional opportunity to comply with discovery. (Dkt. No. 34.) The Court reminded Plaintiff "that failure to follow Court orders and directives may be grounds for sanctions including, but not limited to, recommendation for dismissal of the action for failure to prosecute." *Id*.

Upon the expiration of these new deadlines, Defendant sent a letter notifying the Court that Plaintiff had not complied with his discovery obligations and once again asked for sanctions. (Dkt. No. 35.) The Court denied Defendant's request without prejudice and directed him to file a formal motion to dismiss. (Dkt. No. 36.)

Defendant thereafter filed the present motion. (Dkt. No. 37.) Notably, Plaintiff did not respond to Defendant's motion. Briefly, Defendant argues a dismissal is warranted based on Plaintiff's failure to participate in discovery and his overall absence from all matters relevant to this case. Defendant also seeks his expenses and costs related to discovery.

## II.     ANALYSIS

As noted above, Defendant seeks dismissal under Rule 37 and Rule 41(b) of the Federal Rules of Civil Procedure. Rule 37 provides a mechanism for parties to compel non-compliant adversaries to perform their discovery obligations and allows for sanctions, including dismissal, where justified. Fed. R. Civ. P. 37(b)(2)(A)(v). Rule 41 allows the Court, when appropriate, to *sua sponte* dismiss an action based on the litigant's "failure to prosecute." Fed. R. Civ. P. 41(b). In either case, dismissals are "harsh remedies that are appropriate only in extreme situations," *Wynder v. McMahon*, 360 F.3d 73, 79 n.10 (2d Cir. 2004) (alterations and internal quotation marks omitted), and district courts therefore "should be especially hesitant to dismiss for procedural deficiencies where . . . the failure is by a *pro se* litigant." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). Nonetheless, in considering a Rule 41(b) dismissal or a Rule 37 sanction, the Court is to consider whether

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) [the] plaintiff was given notice that further delay would result in dismissal; (3) [the] defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion [is] balanced against plaintiff's right to an opportunity for a day in court; and (5) the [] efficacy of lesser sanctions.

*Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009). Additionally, it is well-settled that the term "these rules" in Rule 41(b) refers not only to the Federal Rules of Civil Procedure, but also to the local rules of practice for a district court. *See Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D.N.Y. 2006). As discussed below, these factors and the local rules of this Court weigh in favor of dismissal.

As noted above, the original Discovery Order was filed on February 8, 2019. (Dkt. No. 25.) Since that time, Plaintiff has failed to participate in this case or in any discovery. (*See* Dkt.

No. 37-1 (detailing Defendant's attempts to conduct discovery and Plaintiff's failure to comply).) Under normal circumstances, given the nature of this case, discovery should have been completed months ago. The Court also notes that Local Rule 41.2(a) of the Northern District of New York states that "the plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution." N.D.N.Y.L.R. 41.2(a). Here, Plaintiff has not communicated with the Court since February 22, 2019, when he notified the Court of his release from drug treatment and provided his new address. (Dkt. No. 26.) Accordingly, the duration of Plaintiff's failure to comply with discovery and prosecute this case for over one year weighs heavily in favor of dismissal.

Moreover, Plaintiff has been given multiple warnings and notices regarding his discovery obligations. In addition to the February 8, 2019, Discovery Order, this Court extended the discovery deadlines on two separate occasions and explicitly warned Plaintiff that his failure to comply with his discovery obligations could warrant sanctions, including dismissal. (Dkt. Nos. 25, 31, 34.) Thus, the second factor also weighs in favor of dismissal.

As to whether Defendant has been prejudiced, he argues "Plaintiff's failure to respond in any way to Defendant's discovery requests has prejudiced [him] by undermining his ability to prepare defenses against Plaintiff's claims." (Dkt. No. 37-6 at 9.) According to the complaint, tthe events giving rise to Plaintiff's claims occurred in July and August of 2018, and the parties have not yet engaged in any discovery. (Dkt. No. 1.) Further delay may well affect Defendants' ability to locate witnesses, and to preserve evidence. *See, e.g., Georgiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) (noting that passage of time would cause memories to fade). Given the length of the delay in this case, the Court agrees the third factor is also satisfied as further delay is likely to prejudice Defendant.

5

With respect to the fourth factor, the Court notes Plaintiff failed to respond to Defendant's motion to dismiss, demonstrating his apparent lack of interest in pursuing this matter. Here, the Court also finds the need to alleviate congestion on the Court's docket outweighs Plaintiff's right to receive a further chance to be heard in this case. Plaintiff has had ample opportunity to be heard and yet has failed to take any action or to participate in any meaningful way since February 2019 when he notified the Court of his change of address. (Dkt. No. 26.) It is the need to monitor and manage cases such as this that delay the resolution of other cases and contribute to the Second Circuit's relatively long median time to disposition for such civil rights cases. Moreover, given that this Court is merely issuing a Report-Recommendation, Plaintiff will be afforded yet another opportunity to object and be heard. If Plaintiff can provide compelling reasons not to dismiss his case as an objection to this Report-Recommendation, the District Court can consider those on further review. However, if Plaintiff fails to object to this Report-Recommendation as he failed to respond to Defendant's motion, it will constitute further evidence that this fourth factor favors dismissal. *See Ruzsa v. Rubenstein & Sendy Attys at Law*, 520 F.3d 176, 178 (2d Cir. 2008) (per curiam) (finding the fourth prong satisfied where the district court delayed dismissal for twenty days).

Finally, the Court has carefully considered sanctions less drastic than dismissal and finds them to be inadequate under the circumstances. Plaintiff has not taken any meaningful steps to demonstrate he will actively litigate his claims.

In sum, upon reviewing these five factors, and according Plaintiff the special consideration given to *pro se* litigants, the Court concludes dismissal is warranted. Plaintiff had multiple opportunities—and ample time—to pursue his claims and elected not to do so.

However, the Court recommends denying Defendant's request for attorney's fees and costs.  Defendant has provided no documentation of time or costs in support of his motion but has instead relied on a conclusory assertion that he is entitled to "recovery of reasonable expenses and attorney's fees incurred."  (Dkt. No. 37-6 at 13.)  Without any supporting documentation, the Court is unable to properly assess whether such an award is justified.

## III. CONCLUSION

For the reasons set forth above, the Court recommends Defendant's motion to dismiss (Dkt. No. 37) be granted and his motion for costs be denied.

**ACCORDINGLY**, it is hereby

**RECOMMENDED** that Defendant's motion to dismiss (Dkt. No. 37) pursuant to Rules 37 and 41(b) of the Federal Rules of Civil Procedure be **GRANTED**; and it is further

**RECOMMENDED** that Defendant's motion for costs and expenses be **DENIED**; and it is further

**ORDERED** that the Clerk provide to Plaintiff a copy of this Order and Report-Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.[1]  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993)

---

[1]  If you are proceeding *pro se* and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).

(citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C.

§ 636(b)(1); Fed. R. Civ. P. 72.

Dated: May 4, 2020
      Syracuse, New York

Therèse Wiley Dancks
United States Magistrate Judge

8